FILED
2018 Mar-09 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **JOSEPH TAYLOR,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | Civil Action Number |
| **NANCY A. BERRYHILL, Acting** ) | **6:16-cv-01791-AKK** |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
|     **Defendant.** ) | |

## **MEMORANDUM OPINION**

Joseph Taylor brings this action pursuant to Section 405(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge's ("ALJ") and the Appeals Council's decisions—which have become the decision of the Commissioner—are supported by substantial evidence. Therefore, the court affirms the decision denying benefits.

**I. PROCEDURAL HISTORY**

Taylor filed an application for Supplemental Security Income, alleging he was disabled beginning June 27, 2013. R. 114-19, 127. After the SSA denied his application, Taylor requested a hearing before an ALJ, who subsequently denied Taylor's claim. R. 7-17, 57-60. This became the final decision of the

Commissioner when the Appeals Council refused to grant review. R. 1-3. Taylor then filed this action pursuant to § 405(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

**II. STANDARD OF REVIEW**

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings

even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV. THE COMMISSIONER'S DECISION

In performing the five step analysis, the ALJ found that Taylor had not engaged in substantial gainful activity since June 28, 2013, and therefore met Step One. R. 12. Next, the ALJ found that Taylor satisfied Step Two because he suffers from the severe impairments of status-post right thoracotomy and arthritis. R. 13. The ALJ then proceeded to the next step and found that Taylor did not satisfy Step Three because his impairments do not meet or equal any listing. R. 13-14. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Taylor has the residual functional capacity ("RFC") to perform light work, with the limitations that Taylor must avoid more than occasional stooping or crouching and all climbing, driving, or exposure to unprotected heights, and that he

4

must be in a temperature-controlled work environment with no constant exposure to pulmonary irritants. R. 14. In Step 4, the ALJ determined that Taylor has no vocationally relevant past work. R. 15-16. Lastly, in Step 5, the ALJ considered Taylor's age, education, work experience, and RFC, and determined that there are jobs that exist in significant numbers in the national economy that Taylor can perform. R. 16-17. Therefore, the ALJ found that Taylor was not disabled under the Act. R. 17.

**V. ANALYSIS**

Taylor contends the ALJ erred in discrediting Taylor's subjective testimony of pain on two different grounds: first, by improperly evaluating the credibility of Taylor's testimony, and second, by giving only little weight to the opinion of Dr. Samia Moizuddin. Doc. 9 at 3-7. The court examines these arguments in turn.

**A. Taylor's Pain Testimony**

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

5

*Id.* Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Although the Eleventh Circuit does not require explicit findings as to credibility, "the implication must be obvious to the reviewing court." *Foote*, 67 F.3d at 1562 (quoting *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)). The ALJ is not required to use "particular phrases or formulations" in his credibility determination, but it cannot be a broad rejection which is not enough to enable this court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Foote*, 67 F.3d at 1561). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the claimant's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.[1] *Id.*

---

[1] The Commissioner contends that this "accepted as true" rule is inconsistent with both the Social Security Act and case law. Doc. 10 at 13-14 (citing 42 U.S.C. § 423(d)(5)(A); *Immigration & Naturalization Serv. v. Ventura*, 537 U.S. 12, 16 (2002); *Gonzales v. Thomas*, 547 U.S. 183, 185 (2006); *Fla. Power & Light Co. v. Lorian*, 470 U.S. 729, 744 (1985); *Davis v. Comm'r of Soc. Sec.*, 449 F. App'x 828, 833 n.1 (11th Cir. 2011); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984); *Smallwood v. Schweiker*, 681 F.2d 1349 (11th Cir. 1982)). Because

Taylor contends that the ALJ's finding that Taylor had not sought continuing treatment was an improper ground for discrediting his pain testimony, because Taylor testified at the administrative hearing that the lack of continued medical treatment was due to him not having any income or medical insurance. Doc. 9 at 5 (citing R. 15); R. 29. The ALJ may not draw "any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 (11th Cir. 2015) (citing Social Security Ruling 96-7p). When the ALJ "primarily if not exclusively" relies on a claimant's failure to seek treatment, but does not consider any good cause explanation for this failure, the court will remand for further consideration. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (internal quotation marks omitted); *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x. 483, 487 (11th Cir. 2012). However, if the ALJ's determination is also based on other factors, then no reversible error exists. *Ellison*, 355 F.3d at 1275.

Taylor is correct that the ALJ's evaluation of Taylor's pain testimony takes into account the fact that Taylor "has undergone no treatment since his discharge from the hospital for lung surgery," and that the ALJ does not specifically address

---

the court finds that the ALJ did not err in discrediting Taylor's testimony, it does not reach this issue.

7

Taylor's explanation for this lack of treatment. R. 15. Rather, the ALJ states only that the ALJ "reviewed the claimant's subjective complaints in accordance with the guidelines provided by Social Security Ruling 96-7p." R. 14. However, Taylor overlooks that the ALJ also based his credibility determination on the findings that (1) Taylor's claims of knee pain were contradicted by records of a 2013 emergency room visit, which contained complaints of lower back pain and mentioned Taylor's knee surgery, but contained no complaints of knee pain; and (2) Taylor's claims of difficulty breathing and rib pain were contradicted by Dr. Moizuddin's records, which indicated that Taylor smokes on a daily basis, and contain no mention of rib pain. R. 15. As both of these inconsistencies provide substantial evidence supporting the ALJ's decision to discredit Taylor's testimony, *see Ellison*, 355 F.3d at 1275, the record does not support Taylor's contention that the ALJ relied primarily on the lack of continuing treatment in discrediting Taylor's testimony. Therefore, the ALJ properly applied the Eleventh Circuit's pain standard, and his failure to directly address Taylor's explanation of the lack of continuing treatment does not constitute reversible error or grounds for remand.

   **B. Dr. Moizzudin's Testimony**

   Taylor next challenges the ALJ's decision to give only little weight to the opinion of Dr. Moizuddin, the sole source of medical opinion evidence on Taylor's functional capacity or on the ultimate issue of disability. Doc. 9 at 6. "In evaluating

medical opinions, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether the opinion is amply supported, [and] whether the opinion is consistent with the record and the doctor's specialization." *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Here, the ALJ determined that Dr. Moizuddin's testimony that Taylor "is restricted to a very narrow range of sedentary work" was "inconsistent with the detailed objective findings of [Dr. Moizuddin's] examination, which indicated that [Taylor] had normal strength, reflexes, nerves, sensation, gait, and range of motion." R. 15. Contrary to Taylor's contention, the ALJ's decision is supported by substantial evidence.

As an initial matter, Dr. Moizzudin is a consultative examiner who examined Taylor once. *See* R. 280-90; doc. 9 at 6. Thus, her opinion is not entitled to great weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987)); 20 C.F.R. § 416.927(c)(2) (explaining that greater weight is generally given to treating sources over reports of individual examinations). Moreover, the ALJ properly explained why he discredited Dr. Moizuddin's testimony. Specifically, the ALJ determined that Dr. Moizuddin's testimony was inconsistent with her own objective findings, as her examination yielded mostly normal findings, and she did not identify the particular medical and clinical findings that supported her

9

testimony on Taylor's limitations or explain why the largely normal results of her examination supported the limitations she recommended. R. 15, 281-90; *see Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (finding good cause existed to reject testimony of treating physician where that testimony was inconsistent with physician's notes). Based on this inconsistency, the ALJ properly discounted Dr. Moizzudin's testimony. *See Crawford*, 363 F.3d at 1159 (holding that physician's report "may be discounted when it is not accompanied by objective medical evidence . . . ."). Accordingly, the ALJ correctly applied legal standards in disregarding Dr. Moizzudin's testimony.

## VI. CONCLUSION

Based on the foregoing, the court concludes that the ALJ's and Appeals Council's determination that Taylor is not disabled is supported by substantial evidence, and that the ALJ and Appeals Council applied proper legal standards in reaching their determinations. The Commissioner's final decision is **AFFIRMED**. A separate order in accordance with this memorandum of decision will be entered.

**DONE** the 9th day of March, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE